## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John Rodney Johnson,**
**Petitioner Below, Petitioner**

**vs)  No. 13-0292** (Cabell County 07-C-701)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

March 7, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John Rodney Johnson, by counsel Steven S. Wolfe, appeals the February 21, 2013, order of the Circuit Court of Cabell County dismissing his petition for a writ of habeas corpus. Respondent Warden, by counsel Laura Young, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 3, 2003, Thomas Drake was shot and killed outside of a bar in Huntington, West Virginia. Petitioner was indicted in May of 2003 by a Cabell County grand jury in indictment number 03-F-084 for the charge of murder. On June 2, 2003, petitioner's trial counsel filed omnibus discovery requests, which included a request for exculpatory evidence. The State responded to those requests on June 9, 2003, including a response that "there is no known exculpatory evidence."[1] During informal discovery, petitioner requested the cellular phone records of George Newman, a witness called by the State at trial. According to petitioner, the significance of Mr. Newman's testimony at trial was that he recalled calling petitioner on the night of the shooting, that he mentioned to petitioner that associates of the victim were present at a certain bar, and that after the call Mr. Newman saw petitioner at that bar. Petitioner maintained that he was not at the bar on the night of the shooting and that Mr. Newman never called him. Petitioner contends that the State did not produce Mr. Newman's cellular phone records prior to trial, despite counsel's specific request for those records. A jury trial was held, and during Mr. Newman's testimony, the State handed defense counsel a letter from the cellular provider addressed to the Huntington Police Department enclosing Mr. Newman's cellular phone records for the relevant

---

[1]A supplemental response filed on September 10, 2003, also indicated that there was no known exculpatory evidence.

1

time period.[2] On March 12, 2004, petitioner was convicted of first degree murder with no recommendation of mercy. Petitioner was sentenced to life without a recommendation of mercy.

Petitioner appealed that conviction to this Court, arguing the following errors: (1) the trial court erred by permitting the State to introduce highly prejudicial and improper Rule 404(b) character evidence; (2) the prosecuting attorney made improper, prejudicial, and highly inflammatory statements in the presence of the jury; (3) petitioner was denied his Fourteenth Amendment right to due process when the State failed to timely disclose potential exculpatory evidence; (4) the trial court erred by failing to set aside the verdict due to juror misconduct; and (5) the trial court erred by allowing improperly suggestive identification of petitioner and by allowing improper testimony. This Court refused to hear that appeal in 2006.

In August of 2007, petitioner filed a petition for writ of habeas corpus. In August of 2008, the petition was renewed. In January of 2009, the petition was amended, and following several continuances by petitioner, omnibus hearings were held on March 16, 2010, and June 9, 2010. By order entered July 8, 2010, petitioner's petition was denied and dismissed by the circuit court. On June 17, 2011, petitioner appealed that denial and dismissal to this Court, which remanded the case to the circuit court for re-entry of a final order. By third amended final order entered on February 21, 2013, the circuit court denied and dismissed petitioner's writ of habeas corpus. Petitioner appeals from that order.

We review a circuit court's dismissal of a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).

In his appeal, petitioner asserts five assignments of error: (1) petitioner's state and federal due process rights were violated when the State failed to timely disclose potential exculpatory evidence; (2) the cumulative effect of numerous errors committed during trial prevented petitioner from receiving a fair trial by an impartial, objective jury as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and the West Virginia Constitution; (3) ineffective assistance of counsel; (4) the circuit court erred in denying petitioner's habeas corpus petition after two evidentiary hearings on the record elicited support and evidence for petitioner's grounds for his habeas petition; and (5) the third amended order denying habeas corpus petition fails to state specific findings of fact and conclusions of law relating to each contention advanced by petitioner. As set forth herein, we find that the circuit court did not abuse its discretion in dismissing petitioner's petition for habeas corpus.

---

[2]Neither petitioner nor the State state whether the phone records at issue evidence calls on the night in question between Mr. Newman and petitioner.

Petitioner first argues that his rights were violated by the State's failure to timely disclose potential exculpatory evidence. The evidence of which petitioner complains are the cell phone records of witness George Newman. Petitioner contends that the cell phone records at issue were disclosed to petitioner and his counsel while Mr. Newman was on the stand testifying. Therefore, he argues that his counsel did not have sufficient time to digest the information and adequately prepare for cross-examination. He contends that the document had been in the State's possession for approximately three months prior to trial.

> There are three components of a constitutional due process violation under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402 (1982): (1) the evidence at issue must be favorable to the defendant as exculpatory or impeachment evidence; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must have been material, i.e., it must have prejudiced the defense at trial.

Syl. Pt. 2, *State v. Youngblood*, 221 W.Va. 20, 650 S.E.2d 119 (2007). In this case, petitioner has failed to demonstrate that the evidence at issue was favorable to him or that the evidence prejudiced the defense at trial. Mr. Newman testified that on the night in question, he called petitioner; thus, the information would have been before the jury even without the cell phone records. Further,

> [a party] must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 5, *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966). Petitioner does not contend that the records were favorable to his case. In addition, petitioner fails to show how the evidence prejudiced him at trial. Because petitioner failed to meet his burden, we find that there was no clear error in the circuit court's denial of habeas relief on this ground.

Petitioner's second assignment of error is his argument that the cumulative effect of numerous errors committed during the trial prevented petitioner from receiving a fair trial by an impartial, objective jury. In support of this contention, petitioner argues that improper testimonial evidence was presented pursuant to Rule 404(b) of the West Virginia Rules of Evidence. Petitioner also asserts that the prosecuting attorney was permitted to make prejudicial and inflammatory statements in front of the jury while conducting the direct examinations of Mr. Newman and another witness. Petitioner points to the State's references to items found during the execution of a search warrant that were ruled inadmissible by the circuit court. As part of the alleged cumulative errors, petitioner also alleged juror misconduct due to a juror's failure to disclose, until after the conclusion of the trial, the fact that he knew petitioner. Petitioner asserts that the circuit court permitted the admission of an improper out-of-court identification of petitioner. Finally, petitioner argues that an off-duty Huntington Police Officer, Corporal Ash, was permitted to provide expert

testimony for which he was not qualified and lacked personal knowledge. "Where the record of a criminal trial shows that the cumulative effect of numerous errors committed during the trial prevented the defendant from receiving a fair trial, his conviction should be set aside, even though any one of such errors standing alone would be harmless error." Syl. Pt. 5, *State v. Smith*, 156 W.Va. 385, 193 S.E.2d 550 (1972). Upon our review of the record, we do not agree with petitioner that these numerous alleged errors are truly errors.

While petitioner does not argue these issues as individual assignments of error, the circuit court addressed these contentions in its order. The comments made by the prosecutor were isolated, and we find no evidence that they were prejudicial or inflammatory. The juror who failed to reveal the fact that he knew petitioner until after the conclusion of the trial informed the circuit court that he played baseball as a child with petitioner's brother but did not realize who petitioner was until seeing the family during the trial. Further, no evidence was presented of a negative relationship between the two, and the contact between petitioner and the juror was very remote in time from the trial. The out-of-court identification was made by a friend of the victim who knew petitioner from previous altercations. The friend identified petitioner in a photographic lineup and identified him at trial. Petitioner has failed to show any error committed related to either identification. Petitioner also complains of Corporal Ash's testimony related to the surveillance video inside the bar where Corporal Ash was working on the evening of the shooting. His testimony regarding the change in the appearance of colors on a black and white video was not prejudicial to and did not violate the constitutional rights of petitioner. Moreover, evidentiary errors are not cognizable in habeas, which is concerned with constitutional violations. *Pethel v. McBride*, 219 W.Va. 578, 594, 638 S.E.2d 727, 743 (2006). Thus, we find that there were not cumulative errors to support the grant of the petition for habeas corpus relief to petitioner.

The third assignment of error is the allegation that petitioner did not receive effective assistance of counsel. Petitioner argues that his trial counsel was deficient in that he failed to interview witnesses who were present at the time of the shooting; failed to hire an independent examiner to examine the video from which petitioner was identified by Corporal Ash; failed to obtain phone records of Mr. Newman; failed to make any attempt, other than an objection during testimony, to suppress mention of the black gun that was the subject of the Rule 404(b) evidence; failed to obtain petitioner's phone records; and failed to investigate petitioner's alibi witness or the impeachment witnesses. Moreover, petitioner contends that the inadequate investigation and the lack of ability to make informed decisions resulted in the ineffective assistance of counsel and severely prejudiced petitioner's ability to accurately assess the State's plea offer to a lesser included charge of second degree murder.

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

4

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim. *State ex rel. Daniel v. Legursky,* 195 W.Va. 314, 321, 465 S.E.2d 416, 423 (1995). Based on our review of the record, we find that petitioner has not met his burden of proof under the *Strickland/Miller* test, as he failed to show that counsel's performance was deficient under an objective standard of reasonableness or that there was a reasonable probability that but for counsel's errors, the result of the proceedings would have been different. It is clear from the record that trial counsel made strategic decisions, of which petitioner now complains. Further, there was ample evidence presented to the jury, outside of the alleged errors, on which the jury could base its decision of guilt. Therefore, we find no error in the circuit court's finding that the allegation of ineffective assistance of counsel is without merit.

Petitioner's fourth assignment of error is that the circuit court erred in denying petitioner's habeas corpus petition after two evidentiary hearings on the record elicited support and evidence for petitioner's grounds for his habeas petition. Petitioner argues that at the habeas evidentiary proceedings, he showed that the necessary standards to prove prejudice were met and that but for such prejudice, the trial would have resulted in a different outcome. He also argues that the ineffective assistance of counsel was shown by trial counsel's testimony, continuing to argue that counsel's conduct clearly fell below the objective standards of reasonableness. As set forth above, we find that the circuit court did not err in finding that petitioner did not receive ineffective assistance of counsel. Further, applying the standard set forth in *Mathena,* we find that the factual findings made by the circuit court are not clearly erroneous. Syl. Pt. 1, *Mathena* at 418, 633 S.E.2d at 772.

Petitioner's fifth and final assignment of error is his assertion that the third amended order denying the habeas corpus petition fails to set forth specific findings of fact and conclusions of law relating to each contention advanced by petitioner. Petitioner argues that the circuit court erred in dismissing petitioner's habeas petition without making any of the necessary findings to support dismissal. This Court previously remanded this matter for entry of a more detailed order, and the circuit court complied with that directive. The third amended order sets forth findings of fact and conclusions of law related to the following allegations: suppression of exculpatory evidence, denial of the right to a fair trial due to cumulative errors, improper admission of 404(b) evidence, prejudicial statements made by the prosecutor in front of the jury, juror misconduct, improper identification of petitioner, improper testimony from a fact witness, ineffective assistance of counsel, and petitioner's pro se contentions. In its conclusion, the circuit court determined that petitioner expressly waived certain grounds on the *Losh* list he filed and dismissed the habeas action with prejudice. *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). Pursuant to *Mathena*, we review the final order and the ultimate disposition under an abuse of discretion standard. Syl. Pt. 1, *Mathena* at 418, 633 S.E.2d at 772. We find that the circuit court set forth sufficient facts and conclusions of law in its third amended order and did not abuse its discretion in setting forth the same.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Cabell County and affirm the circuit court's February 21, 2013, order dismissing the petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: March 7, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II